IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAMELA R. PELLERIN-SOWELL, | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-4351 |
| | § | |
| LANDRY HOLDINGS, LLC, | § | |
| RICHARD LANDRY, and MARITZA | § | |
| LANDRY | § | |
| | § | |
| **Defendants** | § | |

## NOTICE OF REMOVAL

Please take notice that, pursuant to 28 U.S.C.§§ 1331 and 1446, the above-styled action is hereby removed by Defendants Richard and Maritza Landry (collectively the "Individual Defendants"), from the Precinct 4, Place 1 Justice Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division. The Individual Defendants, by and through their undersigned attorneys, respectfully state the following as grounds for removal of this action:

1.  The style of the removed case is *Pamela R. Pellerin-Sowell v. Landry Holdings, LLC, Richard Landry and Maritza Landry*; Cause No. 204100287012 in the Precinct 4, Place 1 Justice Court of Harris County, Texas. Plaintiff, *pro se*, filed her Petition on November 10, 2020. Plaintiff's Petition states "EEOC Right to Sue" as her cause of action.

2.  Defendant Landry Holdings, LLC ("Landry Holdings") has not been properly served with Plaintiff's Petition. Accordingly, on November 25, 2020 objected to service in response to Plaintiff's Petition before the Precinct 4, Place 1 Justice Court. *See* Exhibit 1. Since that time, Plaintiff has not obtained proper service on Landry Holdings. Plaintiff's employer was Landry Holdings.

3. The Individual Defendants were served on December 2, 2020. The Individual Defendants are filing this notice within the thirty (30) day time period required by 28 U.S.C. § 1446(b).

4. Venue is proper in this district under 28 U.S.C. § 1441 because this district and division embrace the place in which the removed action has been pending.

5. Landry Holdings consents to removal of this case.

6. Defendant is promptly filing a copy of this Notice of Removal with the clerk of the Justice Court in which the case is pending.

7. Plaintiff's Petition involves issues arising under the Constitution and laws of the United States. Specifically, Plaintiff alleges "EEOC Right to Sue" as her cause of action. *See* Exhibit 1, Plaintiff's Petition. Given Plaintiff's Petition refers to her "EEOC Right to Sue" and the EEOC administers and enforces federal civil rights laws against workplace discrimination, the case involves issues arising under federal law. In the event the Court determines Plaintiff's Petition is not removable on its face, the Individual Defendants and Landry Holdings (collectively, "Defendants") have received from Plaintiff "other papers" from which Defendants can ascertain that the case has become removable. 28 U.S.C. § 1446(b)(3). Specifically, on December 21, 2020 Plaintiff sent e-mail correspondence to counsel for Landry Holdings and the Individual Defendants referencing in more detail her alleged "EEOC" claims, including attaching her EEOC Charge of Discrimination asserting a retaliation claim under Title VII of the Civil Rights Act of 1954. *See* Exhibit 2.[1] Post-complaint correspondence from the Plaintiff qualifies as "other paper" under 28 U.S.C. §1446(b)(3). *Addo v. Globe Life & Acc. Ins.,* 230 F.3d 759, 761-62 (5th Cir. 2000). As

---

[1] In Plaintiff's December 21, 2020 correspondence she also included a copy of a "Response" to Landry Holdings' Objection to Service, Answer and Sworn Motion for Summary Dismissal that she filed with the Court on December 1, 2020. *See* Exhibit 2. However, despite filing this "Response," Plaintiff did not serve her Response on Defendants (and for the first time sent a copy of that Response to Defendants' counsel on December 21, 2020 even though Defendants have not consented to electronic service). That said, the "Response" provides additional details that further allowed Defendants to ascertain Plaintiff's allegations involve claims under Title VII of the Civil Rights Act of 1964.

such, this matter is removable under 28 U.S.C. § 1331 based on federal question jurisdiction and the removal is timely as to all Defendants because removal was done within thirty (30) days of receipt of other papers identifying a federal cause of action. 28 U.S.C. §1446(b)(3).

9. Consequently, this Court has federal question jurisdiction under 28 U.S.C. § 1331, and Individual Defendants can remove this action to this Court pursuant to 28 U.S.C. § 1441. In the event the Court finds Plaintiff's Petition is not removable on its face, all Defendants can remove this action pursuant to 28 U.S.C. §1446(b)(3) and have done so within thirty (30) days of service of "other papers" invoking federal question jurisdiction.

10. Plaintiff did not make a timely jury demand.

11. In compliance with Local Civil Rule 81, an Index of Documents is being filed attached hereto as **Exhibit 1**, which includes true and correct copies of all process, pleadings, and orders filed and served to date in the action. A list of all counsel of record is attached hereto as **Exhibit 3**. The Notice of Filing Notice of Removal is attached hereto as **Exhibit 4**. Defendants will separately filing their Certificate of Interested Persons and Parties.

## CONCLUSION

WHEREFORE, Defendants requests the action now pending against them in the Precinct 4, Place 1 Justice Court of Harris County, Texas be removed to the United States District Court for the Southern District of Texas, Houston Division and further requests this Court assume jurisdiction over the cause herein as provided by law.

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Laura E. De Santos*
**Laura E. De Santos**
State Bar No. 00739612
Federal ID No. 19328
ldesantos@grsm.com
**Megan M. Mitchell**
State Bar No. 24073504
Federal ID No. 2174572
mmmitchell@grsm.com
1900 West Loop South, Suite 1000
Houston, TX 77027
(713) 961-3366 (Telephone)
(713) 961-3938 (Facsimile)

**ATTORNEYS FOR DEFENDANTS LANDRY HOLDINGS, LLC, RICHARD LANDRY, AND MARITZA LANDRY**

**CERTIFICATE OF SERVICE**

This is to certify that on December 23, 2020, a true and correct copy was filed with the court's ECF, which automatically sent copy of same to all counsel of record. In addition, a copy was sent via both certified mail, return receipt requested, and email to pro se Plaintiff at:

Pamela R. Pellerin-Sowell
2707 Hidden Spring Vale Drive
Spring, Texas 77386
pamelarpellerin@hotmail.com

*/s/ Laura E. De Santos*_____
Laura E. De Santos